UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY ) | |
| OF SOUTH CAROLINA,             ) | |
|                                ) | |
|             Plaintiff,         ) | |
|     v.                         ) | Case No. 06-2203 |
|                                ) | |
| CITY OF CHARLESTON, ILLINOIS,  ) | |
| sued as City of Charleston;    ) | |
| ILLINOIS COUNTIES RISK         ) | |
| MANAGEMENT TRUST,              ) | |
| JOHN PHILPOTT, as Party in Interest, ) | |
| and CRAIG & CRAIG ATTORNEYS,   ) | |
|                                ) | |
|             Defendants.        ) | |

## REPORT AND RECOMMENDATION

In October 2006, Plaintiff Selective Insurance Company of South Carolina filed a Complaint for Declaratory Judgment and Demand for Jury Trial (#1) against Defendants City of Charleston, Illinois, Illinois Counties Risk Management Trust, and John Philpott. Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

In February 2007, Defendant Illinois Counties Risk Management Trust (hereinafter "ICRMT") filed a Motion To Dismiss (#13). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#13)** be **DENIED**.

### I.  Background

This case arises as a result of an injury sustained by John Philpott. At relevant times, Plaintiff worked for the City of Charleston. ICRMT issued the City a Workers' Compensation policy which was in effect at the time Plaintiff was injured. Selective issued two policies to the City: a commercial general liability policy and a commercial umbrella liability policy. Both policies exclude coverage for "bodily injury" to City employees "arising out of and in the course of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the

insured's business" (general policy) or "arising out of and in the course of employment by the insured" (umbrella policy).  (#1, ¶¶ 13, 15.)

In March 2005, John Philpott filed a complaint in state court against the City.  In Count II of that complaint, Philpott alleged that he was injured because of the City's negligence while he was "engaged in the construction" of a fire training facility at a site owned by the City.  In Count III, he alleged that the City invited him onto the construction site; the City had a duty to exercise ordinary care for his safety as an invitee; the City negligently performed construction activities at the site; and as a result of the City's negligence, he sustained injuries.

In the state court case, the City filed a motion to dismiss Counts II and III of the complaint based on the doctrine of primary jurisdiction.  In the context of ruling on that motion, the state circuit court stated that "there are material facts in dispute, in connection with the assertion that Plaintiff's injuries arose out of and in the course of his employment."  (#14-6, Opinion and Order from Coles County Circuit Court, p. 3.)

Plaintiff Selective subsequently filed a complaint for declaratory judgment in federal court.  In its complaint, Selective alleges that it owes no duty to defend or indemnify the City for the underlying state court action filed by Philpott because those claims were "predicated upon actions performed by Philpott while he was working within the course and scope f his employment for the City and while Philpott was performing duties related to the City's business."  (#1, ¶ 20.)  In April 2005, Selective sent the City a letter in which Selective denied it owed coverage to the City for the underlying litigation.  In July 2006, Selective sent the City a letter agreeing to provide a defense in the underlying litigation as a courtesy only until such time as the Workers' Compensation carrier accepted coverage.  Selective did not agree to indemnify the City.  Selective has been paying the City's defense costs in the underlying litigation since July 2005.

Selective seeks a declaratory judgment stating that (1) Selective does not owe a duty to defend and indemnify the City for its liability in the underlying state court suit; (2) ICRMT owes

a duty to defend and indemnify the City for its liability in the underlying state court suit; and (3) ICRMT must indemnify Selective for all defense fees paid by Selective for the City's defense in the underlying litigation to date.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendant ICRTM argues that the Court should dismiss or, alternatively, stay this action until the pending state court case is resolved.  Specifically, ICRTM contends that the issue of whether Philpott was "engaged in the course of his employment" at the time of his injury is at issue in the state court case, and resolution of the instant case in federal course also depends on the resolution of that issue.

Plaintiff responds that the issue of whether ICRMT owes the City a duty to defend is not at issue in the state court litigation; as a result, the Court should deny the motion to dismiss or stay.

In Illinois, to determine whether an insurer has a duty to defend its insured, "the court must look to the allegations in the underlying complaint and compare these allegations to the relevant coverage provisions of the insurance policy." *Native Am. Arts, Inc. v. Hartford Cas. Ins. Co.*, 435 F.3d 729, 732 (7th Cir. 2006), quoting *Crum & Forster v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1079 (Ill. 1993).  If the facts alleged in the underlying complaint fall within, or

even potentially within, the coverage provisions of the policy, the insurer must defend the insured. *Id.* In assessing whether the duty exists, a court must construe the allegations in the underlying complaint liberally and any doubt in coverage must be resolved in favor of the insured. *See Ill. State Med. Ins. Servs., Inc. v. Cichon,* 629 N.E.2d 822, 826 (Ill. App. Ct. 1994).

On the other hand, regarding the question of whether Philpott was working for the City at the time he was injured, so that Selective's policies exclude coverage related to his injury, the Court agrees that this issue may be resolved in the underlying state court action. Nevertheless, because the Court can determine whether Selective or ICRMT owes a duty to defend the City by simply comparing the allegations within the underlying complaint to the ICRMT policy, the resolution of this question does not depend on the underlying state court suit. Furthermore, the fact that ICRMT may have a duty to defend does not mean that Selective cannot have a duty to defend; the two are not necessarily mutually exclusive. Accordingly, the Court recommends denying the motion to dismiss or stay at this time.

### IV. Summary

For the reasons stated above, this Court recommends that Defendant Illinois Counties Risk Management Trust's Motion To Dismiss **(#13)** be **DENIED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

                                              s/ DAVID G. BERNTHAL
                                              U.S. MAGISTRATE JUDGE