## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## Urbana Division

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, </br></br> Plaintiff, </br> v. </br></br> CITY OF CHARLESTON, ILLINOIS, COUNTIES RISK MANAGEMENT TRUST, and JOHN PHILPOTT, as party in interest, </br></br> Defendants. | Case No. 06-2203 |

# ORDER

Before the Court is a Motion by Craig & Craig Attorneys, A Non-Party, to Quash or Modify Subpoena (#18). According to the motion, movant is counsel of record for the City of Charleston, which is a Defendant in a certain case now pending in the Circuit Court of Coles County, Illinois. The subpoena was issued by John Philpott, a Defendant herein and the Plaintiff in the state court action. Movant believes that some of the documents potentially covered by the subpoena may be protected by a privilege. The motion references FED. R. CIV. P. 45(c)(3)(A)(iii) which provision does allow the Court to quash a subpoena under certain circumstances.

John Philpott has filed a memorandum in opposition to the motion which raises several points. The first and dispositive point made is the failure of movant to undertake the good faith effort to resolve the dispute without court action described in FED. R. CIV. P. 26(c).

According to the Advisory Committee Notes to the 1991 Amendments, "Paragraph (c)(3) explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power. It replaces and enlarges on the former subdivision (b) of this rule and tracks the provisions of Rule 26(c)."

The requirement to confer and certify the effort is a fundamental requirement and prerequisite to seeking relief from the court in many situations.  It is the opinion of this Court that the requirement applies in this context.

Certainly the Court has concerns about the potential for mischief if counsel for the Plaintiff in a pending state action can gain access to the file of the opposing attorney through a subpoena issued in a separate declaratory judgment action.  Nevertheless, the Court believes that some, if not all, of the dispute can be resolved.  If any dispute remains, it will be in sharper focus.

Because movant did not comply with the rules noted, it is not entitled to seek relief at this time.  Accordingly, the Motion by Craig & Craig Attorneys, A Non-Party, To Quash or Modify Subpoena **(#18)** is **STRICKEN** without prejudice.

Also before the Court is Selective Insurance's Motion to Join Craig & Craig's Motion To Quash or Modify Subpoena (#19).  For the reasons stated above, that motion **(#19)** is likewise **STRICKEN** without prejudice.

ENTER this 27th day of March, 2007

          s/ DAVID G. BERNTHAL
          U.S. MAGISTRATE JUDGE